### In re SWANK HARDWARE CO.
### No. 19568.

District Court, W. D. Pennsylvania.
Jan. 7, 1938.

---

[REDACTED]

Carl E. Glock, of Pittsburgh, Pa., and J. C. Davies, of Johnstown, Pa., for permanent trustees.

Philip N. Shettig, of Ebensburg, Pa., for Herman E. Baumer, receiver of First Nat. Bank of Johnstown, Pa.

Samuel Blumberg, of New York City, and Barnhart & Adams, of Johnstown, Pa., for Harry Swank.

GIBSON, District Judge.

On December 11, 1937, Harry Swank, who alleged that he was the owner of 644 shares of the common stock of the debtor company (somewhat more than the minimum amount required by the statute), was permitted to file a plan of reorganization. Later Herman E. Baumer, receiver of the First National Bank of Johnstown, filed a petition in which he asked the court to rescind the order permitting the plan to be filed. The petitioner alleged that the stock of Harry Swank had been long held by the bank as collateral without payment, that it was worth less than the debt for which it was collateral, and that subsequent to the filing of the plan he, as receiver, had taken over the stock pursuant to the terms of the notes for whose payment it had been pledged.

Upon hearing it developed that the receiver had taken over the collateral. Counsel appearing ostensibly for Harry Swank, but actually for another interest not connected with the debtor company either as stockholder or creditor, attacked the legality of the transfer. The court does not discuss this contention, because it is of opinion that it does not present a matter of any force in view of the admitted facts. Harry Swank was called to the stand by the receiver and admitted that his stock could not be sold for, and was not worth, the amount of his debt to the bank, and that he had no other assets from which the debt might be collected. In other words, the plan was filed by one who had no actual interest in the company, in evasion of the requirements of section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, and was a fraud upon the court. The plan, not having been submitted in good faith, as we find, will be dismissed. In so doing we do not hold that a plan may not properly be considered when its proponents had a sufficient

statutory interest at the time the plan was filed, but had disposed of that interest after filing. The present matter discloses no such situation.

The petition to rescind the order of December 11, 1937, is hereby granted, and the plan filed by Harry Swank pursuant to that order will be dismissed.